**RECEIVED**

1/22/2021

Tony R. Moore, Clerk
Western District of Louisiana
Shreveport, Louisiana
By:  tzd

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF LOUISIANA

IN RE: HURRICANE LAURA AND HURRICANE DELTA CLAIMS

LAKE CHARLES AND LAFAYETTE DIVISIONS

<u>CASE MANAGEMENT ORDER NO. 1</u>

**INTRODUCTION**

On August 27, 2020, Hurricane Laura came ashore near Cameron Parish, Louisiana. As a Category 4 (near 5) hurricane, it was the fifth strongest storm to ever impact the United States.[1] Hurricane Laura caused the deaths of at least 42 people, damaged over 400,000 structures, and inflicted over $14 billion in damage to western Louisiana and southeastern Texas.[2] Hurricane-force winds extended inward for well over 100 miles and inflicted catastrophic damage within the area of the Court's jurisdiction. Included in this devastation was the Edwin F. Hunter, Jr. United States Courthouse in Lake Charles, which served the most severely impacted parishes in the Western District of Louisiana. The devastation to the courthouse may necessitate a complete rebuilding, which will take significant time.[3]

On October 9, 2020, Hurricane Delta, a Category 2 storm, struck the same area impacted six weeks earlier by Hurricane Laura and caused additional damage of at least $4 billion.[4] These storms are sometimes hereinafter referred to as the Hurricanes and the causes of action arising thereunder are sometimes hereinafter referred to as the "Hurricane Cases." Since Hurricane Delta's landfall, the United States District Court for the Western District of Louisiana has become, and presumably will continue to be, inundated with insurance coverage-related litigation linked to the Hurricanes. The devastation in the parishes of the Lake Charles Division, including to the Courthouse itself, is anticipated to interfere with the timely handling of this litigation.

---

[1] Jeff Masters, *Devastating Laura Is Tied as the Fifth-strongest Hurricane on Record to Make Landfall in the Continental U.S*., YALE CLIMATE CONNECTIONS (Aug. 27, 2020), *available at* https://yaleclimateconnections.org/2020/08/devastating-laura-tied-as-fifth-strongest-hurricane-to-make-landfall-in-continental-u-s/

[2] AON, *Global Catastrophe Recap* (Sep. 2020) at p. 11, *available at* http://thoughtleadership.aonbenfield.com//Documents/20200810_analytics-if-september-global-recap.pdf

[3] Sen. John Kennedy, *Kennedy Plans New Lake Charles Courthouse After Hurricane Laura Destruction*, Press Releases (Sep. 8, 2020), *available at* https://www.kennedy.senate.gov/public/2020/9/kennedy-plans-new-lake-charles-courthouse-after-hurricane-laura-destruction

[4] AON, *Global Catastrophe Recap* (Oct. 2020) at p. 4, *available at* http://thoughtleadership.aon.com/documents/20201111_analytics-if-october-global-recap.pdf

The Court desires, within the powers granted unto it, to prevent increased difficulties to the parties involved, to bring as much of this litigation to resolution as expediently and justly as possible, and to allow Southwest Louisiana to move forward with its recovery.

With this vital goal in mind, this Court grants approval of this Case Management Order No. 1 to govern the procedures related to expedited discovery (the "Disaster Protocols") and to facilitate efficient resolution of these matters through the establishment of a streamlined settlement conference and mediation protocol (the "Streamlined Settlement Process" or "SSP") as described below.

### SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCLOSURES

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols recommended by a study committee and adopted by the United States District Court for the Southern District of Texas following Hurricane Harvey.[5] These disaster protocols call for prompt sharing of specified information to promote uniformity, to facilitate prompt evaluation and communication of the litigation, and to facilitate the path to expedited mediation.

Therefore, this Court adopts the Disaster Protocols annexed hereto as Exhibit "A" and makes them applicable to all Hurricane Laura and Hurricane Delta cases. Except as provided hereafter, any further discovery is stayed as provided for below. Nothing in this Order shall be construed to limit the information to be exchanged in any particular case, and counsel for each party is encouraged and expected to provide any information that would reasonably be helpful to their adversary in evaluating the case for mediation purposes.

The parties are strongly urged to meet and confer in good faith on the exchange of information that they desire to use even when it is not required to be shared pursuant to this Order. Any information not shared with opposing counsel at least 15 days prior to a mediation shall not be used at mediation without leave of the Special Master or his deputy. The disclosures and exchange of information required by the Disaster Protocols Order shall be due 45 days from the date that defendant files responsive pleadings (or if later: 20 days from an Order denying a timely motion to remand) and this deadline is sometimes hereinafter referred to as the "Disclosure Deadline".

### SECTION 2. PRIVILEGE

Documents for which a privilege is properly asserted include communications between

---

[5] *United States District Court for the Southern District of Texas*, Disaster Litigation Initial Discovery Protocols, *available at* https://www.txs.uscourts.gov/sites/txs/files/Disaster%20FINAL%20Web%20version.pdf

counsel and client, documents created for the primary purpose of anticipation of litigation,[6] communications between or among counsel and their respective clients. As recognized by the United States District Court for the Eastern District of New York IN RE: HURRICANE SANDY CASES, "Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced."[7]

Therefore, this Court orders that any party withholding information or documents otherwise required to be produced pursuant to the Disaster Protocols produce a privilege log to opposing counsel on or before the Disclosure Deadline detailing all information or documents that it declined to produce on the basis of privilege. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Any dispute concerning privileged items shall be submitted to the Deputy Special Master appointed under Section 4 in such form as he may direct. The Deputy Special Master's report and recommendation thereon shall be issued to the parties in writing and the parties shall comply with it in the same manner as an Order of this Court unless the recommendation is overturned by the District Judge following an appeal filed with the District Judge within seven days.

### SECTION 3. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 14 days of the filing of the defendant's responsive pleading (or if later then within 14 days of either: an Order denying a motion for remand or of this Order) either party may petition the District Judge to opt out of the SSP (Section 3 of this Order). If a party shows good cause and is permitted to opt out the case will then be promptly scheduled for a Federal Rule of Civil Procedure 16 conference and a specific case management order shall be issued. If the parties do not seek to opt out then they are electing to participate in the two-staged Streamlined Settlement Process, which is described as follows:

**I.     First Stage: Settlement Conference**

Within 30 days of the Disclosure Deadline in all Hurricane Cases, all parties shall conduct an informal settlement conference among all parties and their counsel. Within 15 days of the Disclosure Deadline counsel for the plaintiff(s) and counsel for the defendant(s) shall meet to confer and discuss a mutually convenient time, date, and

---

[6] *United States v. El Paso Co.*, 682 F.2d 530, 542–43 (5th Cir. 1982).
[7] United States District Court for the Eastern District of New York, *In Re Hurricane Sandy Cases: Case Management Order No. 1*, p. 10, *available at* https://img.nyed.uscourts.gov/files/general-ordes/14mc41cmo01.pdf.

manner for the conference. In light of the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for that particular settlement conference require assistance.

## II.  Second Stage: Mediation

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall execute the Mediation Stipulation in the form attached as Exhibit "B" to this Order.

### A. Scheduling of Mediation

The parties shall provide the Special Master written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. The Special Master shall then assign each Hurricane Case with a "neutral" (mediator) from the court approved list found in Paragraph C of this Subsection. The Special Master may assign a neutral within 60 days of the Disclosure Deadline even if neither party submits the written notice.

The Special Master (or appointed neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties. It is the goal of the SSP to conduct mediations within 90 days of the neutral's appointment.

### B. Conduct of Mediation

After scheduling of the mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the confidential mediation statements and the permissible number of exhibits attached thereto.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the Special Master or the case's appointed neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Master the defendant(s) representative shall not be required to attend if counsel for the

defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone, if circumstances for that particular mediation require assistance.

The Special Master, his deputy, or another neutral from the court approved list shall mediate all cases. To the extent agreed by the parties and the Special Master (or the case's appointed neutral) this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

As part of this streamlined mediation process, the attendees may each make opening statements but there shall be no live witness testimony.

### C. List of Neutrals

The Court hereby designates and appoints the following seven individuals as "neutrals" (mediators) for the SSP:

Patrick A. Juneau, Cade R. Cole, Thomas R. Juneau, Sr., Robert J. David, Jr., Jeffrey M. Cole, Hon. Charlotte L. Bushnell *(effective upon retirement 1/1/2021)*, and Hon. Joel G. Davis *(effective upon retirement 1/1/2021)*.

### D. Neutral Training

The Special Master, at his sole discretion, may undertake to provide special training to the neutrals. The Special Master and his deputy may jointly form a plaintiffs' liaison committee and a defense liaison committee. If formed, the Special Master may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Master may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Master or his deputy may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

## III. Extensions of Time

The Special Master or his deputy may extend by 15 days any deadline specified in this Order upon a joint request or for good cause.

IV. **Stay of Proceedings / Discovery**

Except for the disclosures pursuant to the Disaster Protocols, there shall be no formal discovery for any of the Hurricane Cases during the SSP. During the entirety of the SSP, all pretrial matters, discovery, and related activity shall be stayed for cases subject to this Order unless and until the Special Master certifies that that the parties for a particular Hurricane Case have complied with the requirements of this Streamlined Settlement Process.

Discovery on a limited issue or in exceptional circumstances may be authorized by the Deputy Special Master. The exceptional circumstances as well as the scope and limits of any permitted discovery shall be determined by the Deputy Special Master in his discretion.

**SECTION 4. SPECIAL MASTER AND APPOINTED NEUTRALS**

IT IS ORDERED BY THE COURT, pursuant to Federal Rule of Civil Procedure 53 ("FRCP 53"), that Patrick A. Juneau, Esq., is appointed Special Master, and that he shall proceed with all reasonable diligence and shall exercise his rights and responsibilities to direct the Streamlined Settlement Process as provided in this Order. IT IS FURTHER ORDERED BY THE COURT, pursuant to FRCP 53 that Cade R. Cole, Esq., is appointed as Deputy Special Master and that he shall proceed with all reasonable diligence and shall exercise his rights and responsibilities under the Streamlined Settlement Process and otherwise assist the Special Master as the Special Master may direct. IT IS FURTHER ORDERED BY THE COURT pursuant to L.R. 16.3.1 that the neutrals referenced in Section 3(II)(C) of this Order are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process as the Special Master may direct.

I. **The Special Master**

The Special Master shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in limited discovery, and attend settlement conferences and/or meetings.

II. **Compensation of Appointed Neutrals**

The Special Master, his deputy, and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

A. $450 per hour for the Special Master;

B. $400 per hour for the Deputy Special Master and all other Appointed Neutrals;

C. $250 per case for the Special Master for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals; and

D. all actual expenses of the Appointed Neutrals, including but not limited to travel, meeting rooms, telephone, and electronic audio or video conference means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Master, all of the above fees and expenses shall be paid twenty-five (25%) by the plaintiff(s), and the other seventy-five (75%) of the invoiced amounts shall be paid by the defendant(s).

**III.     Role of Appointed Neutrals**

A. The Special Master and Appointed Neutrals may communicate *ex parte* with the Court when deemed appropriate by the Special Master, at his discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

B. The Special Master and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

C. The Special Master and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

**IV.     Notice to the Special Master.**

Any party to a Hurricane Case petitioning to opt out of the SSP within the applicable deadline shall file a formal motion with the court detailing the reasons supporting their good cause and shall serve opposing counsel. If the Court permits the party to opt out that party shall promptly send a courtesy notice to the Special Master.

If no party to a Hurricane Case petitions to opt out, then the parties shall jointly send notification of participation in the SSP to the Special Master within 7 days following the expiration of the opt out deadline in their case (ex. 21 days from the defendant filing a responsive pleading) at the following address:

> Juneau David, APLC
> PO Drawer 51268
> Lafayette, LA 70505-1268
> paj@juneaudavid.com

The Special Master shall then send an initial informational package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

### SECTION 5. COURT APPOINTED UMPIRES REQUIRED UNDER POLICIES

If an insurance policy concerning a claim involving the Hurricanes provides for court appointment of a neutral or third appraiser for valuation disputes, hereinafter referred to as an "Umpire", any request for the appointment by this Court of an Umpire shall be made in writing no later than 14 days following the filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Deputy Special Master in the same manner as provided for a discovery dispute under the SSP. The deadline may be extended by the Deputy Special Master in exceptional circumstances.

A written report and recommendation concerning the Umpire's appointment and any applicable deadlines shall be issued to the parties, and shall be deemed applicable to the parties in same manner as if made by an order of this Court unless the report and recommendation is overturned by the District Judge following an appeal filed with the District Judge within seven days of transmittal of the written report. The Clerk of Court is requested to cooperate with the Deputy Special Master concerning public notice for interested parties to apply for consideration of appointment as Umpires pursuant to this Section.

### SECTION 6. COURT SUPERVISION

The Disaster Protocols and Streamlined Settlement Process remain under the ultimate control and supervision of the Court, and this Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court.

**SO ORDERED.**

SIGNED on this 22nd day of January, 2021, at Lafayette, Louisiana.

*/s/ James D. Cain, Jr.*
Hon. James D. Cain, Jr.
United States District Judge